IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2019

**STATE OF TENNESSEE v. JOHN DAVID HUDSON**

**Appeal from the Circuit Court for Madison County**
**No. 18-235    Donald H. Allen, Judge**

_____

**No. W2019-00337-CCA-R3-CD**

_____

A Madison County jury convicted the Defendant-Appellant, John D. Hudson, of evading arrest (motor vehicle flight) (count one), criminal impersonation (count two), driving with a revoked license (count three), a first offense seat-belt infraction (count four), and failure to obey a traffic control device (count five).  Following a hearing, the trial court sentenced the Defendant as a Range II multiple offender to four years for evading arrest, six months for criminal impersonation, six months for driving on a revoked license, thirty days for the seat belt infraction, and thirty days for the failure to obey a traffic control device.  The trial court ordered counts one, two, and three to be served consecutively, and a concurrent term of thirty days for the remaining counts, for an effective sentence of five years imprisonment. The sole issue presented on appeal is whether the trial court abused its discretion in imposing partial consecutive sentencing.  Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Harold E. Dorsey, Alamo, Tennessee, for the Defendant-Appellant, John David Hudson.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Because the Defendant does not challenge the evidence supporting his convictions in this case, we will provide a brief summary of the facts for background purposes only. On June 10, 2016, the Madison County Metro Narcotics Unit was conducting surveillance of the Defendant's home in connection with a recent burglary of stolen

weapons and observed the Defendant get in a car and drive away. An officer in an unmarked car followed the Defendant, who was not wearing a seatbelt. The officer believed the Defendant was the burglary suspect, and for safety reasons, the officer waited for back-up from other officers in marked patrol cars and approval for helicopter assistance prior to initiating a traffic stop. Once these measures were in place, the officer activated the blue lights and sirens on his car to signal the Defendant to stop. The Defendant did not comply, and a high-speed chase ensued. During the chase, the Defendant drove through several red traffic lights, and he accelerated to speeds of approximately sixty miles per hour in a thirty-mile-per-hour speed zone. The Defendant eventually crossed the center lane into oncoming traffic, causing the officers to end their pursuit due to the danger it posed to other cars and pedestrians. Based on helicopter surveillance, the Defendant was ultimately apprehended in a nearby store. Upon arrest, the Defendant provided the officers with the false identification of Harold Wayne Hudson, later determined to belong to his brother. Records from the Tennessee Department of Safety also confirmed that at the time of the chase the Defendant's driver's license had been revoked. Video recordings of the chase from a patrol car and the helicopter were admitted into evidence at trial and shown to the jury. The camera followed the Defendant's car until he abandoned it in a parking lot and fled on foot. Based on this proof, the Defendant was convicted of the above offenses, and the jury imposed the maximum fine for each.

On December 3, 2018, the trial court conducted a sentencing hearing. The presentence report was the only evidence admitted at the hearing. The presentence report showed that the Defendant, age 46, attended high school but dropped out in the tenth grade. He subsequently received his general education development (GED) certificate, and at the time of the offense, was employed at Kellogg's Company as a supervisor. The report further reflected that the Defendant was married with several adult children. The following statement explaining the Defendant's version of the offense was included in the report, "I was wanted on a child support warrant and didn't want to go to jail and [lose] my job as a supervisor." The Defendant had a criminal history consisting of four felony-drug related convictions and nine misdemeanor traffic-related convictions, all of which occurred prior to 2000.

The State argued that the Defendant's sentence should be enhanced because of his prior felony convictions, his willingness to flee when the risk to human life was high, and the fact that he is a career criminal. In response, the Defendant argued that no one was at risk of serious injury during the chase and that he is not a dangerous nor a professional criminal. In sentencing the Defendant, the trial court found that the Defendant had a history of criminal convictions beyond what was necessary to establish him as a Range II offender, as well as a history of committing new offenses while on probation or parole. The trial court gave both enhancement factors great weight, and it did not find any

mitigating factors. The court also found that the Defendant was not a good candidate for alternative sentencing and that consecutive sentencing was necessary to protect society. The trial court imposed an effective sentence of five years' imprisonment, as reflected in the chart below, and ordered the Defendant to serve his six-month sentences in counts two and three in the local jail before his four-year sentence in count one.

| Count One | Evading Arrest (Motor Vehicle Flight) | Four years consecutively to counts one and two; $3000 fine |
| Count Two | Criminal Impersonation | Six months at 75%; consecutively to counts one and three; $500 |
| Count Three | Driving While License Revoked | Six months at 75%; consecutively to counts two and one; $500 |
| Count Four | Failure to Wear Seatbelt First Offense | Thirty days at 75%, $50 fine |
| Count Five | Failure to Required Traffic Control Device | Thirty days at 75%, $50 fine |

The Defendant filed a motion for a new trial, and following a hearing, it was denied by the trial court on January 22, 2019. The Defendant now timely appeals.

## ANALYSIS

The Defendant contends that the trial court abused its discretion in imposing partial consecutive sentencing. To support his claim, the Defendant argues that he has not been convicted of a crime since 2000 and that consecutive sentencing is not proportional to the severity of the convictions. In response, the State argues that the amount of time since a defendant's last conviction is not relevant to the determination of consecutive sentencing and the Defendant's extensive criminal history is sufficient to justify consecutive sentencing. We agree with the State.

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. Tenn. Code Ann. § 40-35-115(a) (2006). The Tennessee Supreme Court has held, "[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of seven categories enumerated in code section 40-35-115(b). Those categories include:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2006). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1); see State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). In addition, the length of a consecutive sentence must be "no greater than that deserved for the offense committed." Tenn. Code Ann. § 40-35-103(2); see Imfeld, 70 S.W.3d at 708.

The Defendant disputes the trial court's order of partial consecutive sentencing and contends that, as a result, he received an excessive sentence. We cannot agree. Although the Defendant minimizes his conduct by focusing solely on the misdemeanor driving convictions, the Defendant engaged in a high-speed chase, during which he drove through several red traffic lights, accelerated to speeds in excess of sixty miles per hour in a residential area, crossed the center lane into oncoming traffic, and almost caused a collision. While on bond for the instant case, the Defendant was arrested for another set

of similar offenses in another county. The presentence report showed that the Defendant had previously been convicted of four felony drug convictions and nine misdemeanors. The trial court detailed the Defendant's criminal history at sentencing and determined that it was extensive. See Tenn. Code Ann. § 40-35-115(b)(2); State v. Nelson, 275 S.W.3d 851, 870 (Tenn. Crim. App. 2008) (citing State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)( "[A]n extensive criminal history, standing alone, is enough to justify the imposition of consecutive sentencing."). At the core of the Defendant's challenge to his sentence is the fact that his last conviction occurred almost twenty years before the instant offenses and that he had been released from prison for almost ten years without incident. We acknowledge and common-sense dictates that the chronological remoteness of a prior criminal conviction can be a mitigating factor in sentencing. Nevertheless, the remoteness of a prior conviction does not preclude the trial court from considering whether a defendant has an extensive criminal history. See e.g., State v. Kenneth Ford, No. W2007-02149-CCA-R3-CD, 2009 WL 1034522, at *5 (Tenn. Crim. App. Apr. 17, 2009) (citing State v. Michael W. Cooper, No. M2001-00440-CCA-R3-CD, 2002 WL 360222, at *3 (Tenn. Crim. App. Mar. 6, 2002) (noting that remoteness of past sentences is not relevant to whether a defendant has an extensive criminal history.). Because the record supports the trial court's determination that the Defendant has an extensive criminal history, we conclude that the trial court did not abuse its discretion in imposing partial consecutive sentencing. The Defendant is not entitled to relief.

## CONCLUSION

The judgments of the trial court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE